**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

**SELENA E. MOLINA**
**SENIOR MAGISTRATE IN CHANCERY**

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 11400**
**WILMINGTON, DE 19801-3734**

August 20, 2025

Dean A. Campbell, Esquire
Law Office of Dean A. Campbell, PA
703 Chestnut Street
Milton, DE 19968

Kristen S. Swift, Esquire
Thomas Wallace, Esquire
Kaufman Dolowich LLP
222 Delaware Ave., Suite 720
Wilmington, DE 19801

> RE:  *Diane Pressley, Ida Terry and Kenneth Phillips v. Rory Talamini,*
> *Dan Mawn and W. Ventures, Inc., d/b/a REMAX Assoc.*,
> C.A. No. 2025-0555-SEM

Dear Counsel:

This expedited action began on May 19, 2025 as a petition to enforce the purported election of Diane Pressley, Ida Terry, and Kenneth Phillips (the "Petitioners") to the board of Riverside Homeowners Association, Inc. (the "Association"). That election purportedly occurred on or about February 20, 2025, and the Petitioners seek court enforcement under 8 *Del. C.* § 225.

By minute order on June 6, 2025, I expedited these proceedings, and we have locked in a September 12, 2025 trial date. Pending before me are two pleading-stage motions brought by Rory Talamini, Dan Mawn, and W. Ventures, Inc. d/b/a RE-Max Associates (the "Respondents"). They are both hereby DENIED. This matter will be tried, on the merits, as scheduled.

## I.     The motion to dismiss is denied.

Rory Talamini and Dan Mawn (the "Individual Respondents") ask that the claims against them be dismissed under Court of Chancery Rule 12(b)(6) "because the [Petitioners] plead[] no facts which could implicate personal liability for either." They also argue that Mr. Mawn was acting in his employment capacity at all relevant times, and that he is shielded from personal liability because he has no contractual relationship with the Petitioners, and that any potential tort claims against him are barred by the doctrines of vicarious liability and *respondeat superior*. As to Ms. Talamini, the Individual Respondents contend she was acting as a board member and cannot be subject to personal liability.

Under Court of Chancery Rule 12(b)(6) "the court (i) accepts as true all well-pleaded factual allegations in the complaint, (ii) credits vague allegations if they give the opposing party notice of the claim, and (iii) draws all reasonable inferences in favor of the plaintiff."[1] Dismissal is not appropriate "unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[2]

---

[1] *Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *9 (Del. Ch. Oct. 5, 2018).

[2] *Id.* (citation modified).

The Individual Respondents have failed to demonstrate a basis on which they should be dismissed. The sole claim for relief in this case arises under 8 *Del. C.* § 225. Under Section 225(a), "the Court of Chancery may hear and determine the validity of any election, appointment, removal or resignation of any director or officer of any corporation[.]"[3] As most recently recognized by Vice Chancellor Cook, "[a] Section 225 action is a form of *in rem* proceeding where the defendants are before the court not individually, but rather, as respondents being invited to litigate their claims to the *res* . . . or forever be barred from doing so."[4] That is what we have here—a dispute regarding whether the Petitioners or the Individual Respondents are the true stewards of the Association. The Petitioners rightly brought all interested parties before me, so that they may be heard as I determine the validity of the purported election.[5] The motion to dismiss the Individual Respondents is, therefore, denied.

---

[3] 8 *Del. C.* § 225(a).

[4] *Nazarian v. Sassouni*, 2025 WL 1913182, at *5 (Del. Ch. July 11, 2025) (citation modified).

[5] The Petitioners included in their petition a second count seeking recovery of their fees and costs from the Respondents or the Association. This is not a claim for relief, but rather an articulation of some of the recovery sought. As explained in *VTB Bank v. Navitron Projects Corp.*, 2014 WL 1691250, at *6 (Del. Ch. Apr. 28, 2014), "[t]his Court has recognized that a party may, on rare occasions, mistakenly plead a remedy as an enumerated cause of action. In these situations, this Court has tended to permit the remedial claims to remain in the complaint, but it has generally excluded them from its analysis at the motion to dismiss stage. In effect, this Court treats remedial claims not as independent causes of action but instead as having been included in the prayer for relief." (citation

## II.     The motion to strike is denied.

The Respondents have also moved to strike Paragraph 13 in, and Exhibit B to, the petition, and all references therein, under Court of Chancery Rule 12(f). They argue these portions are scandalous and impertinent because they reference an "email communication [that] was fabricated by a third party[.]"[6] To prove as much, the Respondents provided an affidavit from Mr. Mawn disputing the authenticity of the email communications. The Respondents also argue that because the Association's bylaws require a plurality of votes to elect board members, the suggestion of a majority requirement in those sections is incorrect. Even if these arguments win, they fail to justify striking any portion of, or attachments to, the petition.

Under Court of Chancery Rule 12(f), "[a] party may move to strike from a pleading any insufficient defense or any material that is redundant, scandalous, immaterial, or not pertinent. The party must move either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." To quote from Vice Chancellor Glasscock: "Motions to strike are granted

---

modified). I do so here and treat the action before me as a straightforward Section 225. To the extent the Petitioners attempted to plead additional causes of action, I agree with the Respondents that such purported add-ons are not well-pled, and I will not be inclined to expand the scope of this summary, expedited proceeding beyond the well-pled claim.

[6] D.I. 26 ¶ 1.

sparingly and only when clearly warranted with all doubt being resolved in the nonmoving party's favor. When deciding whether to grant such a motion, the Court considers: (1) whether the challenged averments are relevant to an issue in the case and (2) whether they are unduly prejudicial."[7]

Here, the Respondents ask me to accept their affidavit over the averments and attachments to the petition. That would be improper at the pleading stage, on a motion to strike. Further, their quibble about the votes needed for elections goes to the merits of the sole issue before me. These issues will be tried on their merits at which time I will hear all relevant evidence and rule on a fully developed record. The request to strike and preclude further inquiry into the contested allegations and attachments is denied.[8]

---

[7] *Buttonwood Tree Value P'rs, L.P. v. R. L. Polk & Co.*, 2023 WL 9053173, at *12 (Del. Ch. Dec. 29, 2023) (citation modified).

[8] Although I deny the motion on its merits, I note it was also untimely; it was not filed before the Respondents responded to the petition, as required. The Respondents' request for fee shifting can be renewed if they prevail on the merits and, for example, demonstrate that the averments and attachments were manufactured or otherwise support a finding of bad faith litigation sufficient to shift fees.

\*     \*     \*

This magistrate's report resolves all pending motions, and this matter will be tried on September 12, 2025. Exceptions under Court of Chancery Rule 144 are stayed until my final ruling on the merits.

Respectfully,
*/s/ Selena E. Molina*
Senior Magistrate in Chancery